United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
Demetrius D. Davis  
    Debtor

Case No. 21-01429-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1      User: AutoDocke      Page 1 of 2  
Date Rcvd: Jul 29, 2021      Form ID: pdf002      Total Noticed: 19

The following symbols are used throughout this certificate:  
**Symbol**    **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 31, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Demetrius D. Davis, 422 Valley Street, Marysville, PA 17053-1164 |
| 5420930 | + | Commercial Acceptance Company, Attn: Bankruptcy, 2300 Gettysburg Road, Suite 102, Camp Hill, PA 17011-7303 |
| 5420932 | + | Julie L. Davis, 421 Muench Street, Harrisburg, PA 17102-1533 |
| 5422035 | + | Mario Hanyon, Brock and Scott, PLLC, Attorneys at Law, 302 Fellowship Road, Ste 130, Mount Laurel, NJ 08054-1218 |
| 5420939 | + | Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409-6493 |
| 5422036 | + | PHH Mortgage Corporation, One Mortgage Way, Mount Laurel, New Jersey 08054-4624 |
| 5424574 | | U.S. Bank National Association, PHH Mortgage, Attn: Bankruptcy Department, P.O. Box 24605, West Palm Beach, FL 33416-4605 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@americaninfosource.com | Jul 29 2021 18:55:49 | Capital One Auto Finance, a division of Capital On, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5420928 | + | Email/PDF: AIS.COAF.EBN@Americaninfosource.com | Jul 29 2021 18:55:50 | Capital One Auto Finance, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 5422416 | + | Email/PDF: acg.acg.ebn@americaninfosource.com | Jul 29 2021 18:55:49 | Capital One Auto Finance, a division of, AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5427296 | + | Email/PDF: acg.acg.ebn@americaninfosource.com | Jul 29 2021 18:55:49 | Capital One Auto Finance, a division of Capital On, P.O. Box 4360, Houston, TX 77210-4360 |
| 5420929 | + | Email/Text: BKBCNMAIL@carringtonms.com | Jul 29 2021 18:50:00 | Carrington Mortgage Services, Attn: Bankruptcy, 1600 South Douglass Road, Stes 110 & 200, Anaheim, CA 92806-5951 |
| 5420931 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jul 29 2021 18:50:00 | Internal Revenue Service, Centralized Insolvency Operation, P. O. Box 7346, Philadelphia, PA 19101-7346 |
| 5423077 | | Email/PDF: pa_dc_claims@navient.com | Jul 29 2021 18:55:47 | NAVIENT CFC, C/O Navient Solutions, LLC., PO BOX 9640, Wilkes-Barre, PA 18773-9640 |
| 5423082 | | Email/PDF: pa_dc_claims@navient.com | Jul 29 2021 18:55:44 | NAVIENT PC TRUST, C/O Navient Solutions, LLC., PO BOX 9640, Wilkes-Barre, PA 18773-9640 |
| 5420936 | + | Email/PDF: pa_dc_claims@navient.com | Jul 29 2021 18:55:50 | Navient, Attn: Bankruptcy, Po Box 9640, Wilkes-Barr, PA 18773-9640 |
| 5420935 | + | Email/PDF: pa_dc_claims@navient.com | Jul 29 2021 18:55:44 | Navient, Attn: Claims Dept, Po Box 9500, Wilkes-Barre, PA 18773-9500 |
| 5421976 | | Email/PDF: pa_dc_claims@navient.com | Jul 29 2021 18:55:50 | Navient Solutions, LLC. on behalf of, Department of Education Loan Services, PO BOX 9635, Wilkes-Barre, PA 18773-9635 |
| 5422247 | | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | Jul 29 2021 18:55:47 | U.S. Department of Housing and Urban Development, The Wanamaker Building, 11th |

Floor, 100 Penn Square East, Philadelphia, PA 19107-3380

TOTAL: 12

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5420933 | *+ | Julie L. Davis, 421 Muench Street, Harrisburg, PA 17102-1533 |
| 5420934 | *+ | Julie L. Davis, 421 Muench Street, Harrisburg, PA 17102-1533 |
| 5420937 | *+ | Navient, Attn: Bankruptcy, Po Box 9640, Wilkes-Barr, PA 18773-9640 |
| 5420938 | *+ | Navient, Attn: Bankruptcy, Po Box 9640, Wilkes-Barr, PA 18773-9640 |

TOTAL: 0 Undeliverable, 4 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2021           Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 29, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| Mario J. Hanyon | on behalf of Creditor U.S. Bank National Association as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-SL1 wbecf@brockandscott.com, mario.hanyon@brockandscott.com |
| Rebecca Ann Solarz | on behalf of Creditor THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-6 bkgroup@kmllawgroup.com |
| Stephen Wade Parker | on behalf of Debtor 1 Demetrius D. Davis Parker.WadeR106314@notify.bestcase.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

Rev. 12/01/19

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  
**Demetrius D. Davis**

CHAPTER 13  
CASE NO. 1:21-bk-01429-HWV

☑ ORIGINAL PLAN  
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)  
☐ Number of Motions to Avoid Liens  
☐ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☑ Included ☐ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☐ Included ☑ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☐ Included ☑ Not Included

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**32,400.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **07/21** | **06/26** | 540.00 | 0.00 | 540.00 | 32,400.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | **$32,400.00** |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

  **B.**   **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $**69,046.10**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines.*

    ☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

    ☐ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
    _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
    _____

**2.**   **SECURED CLAIMS.**

  **A.**   **Pre-Confirmation Distributions.** *Check one.*

  ☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

  ☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| Ocwen Loan Servicing, LLC | 1661 Worthington Road; Suite 100; West Palm Beach, FL 33409 | 8927 | $472.81 |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

  **B.**   **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

  ☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

  ☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Capital One Auto Finance | 2015 Nissan Altima<br>Wife drives this car | 1001 |
| Carrington Mortgage Services | 422 Valley Street Marysville, PA 17053  Perry County | 1722 |

    C.    **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
        ☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

    D.    **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

        ☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

        ☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

        1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

        2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

        3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | 422 Valley Street Marysville, PA 17053 Perry County | $22,310.00 | 2.75% | $24,113.21 |

    E.    **Secured claims for which a § 506 valuation is applicable.** *Check one.*
        ☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    F.    **Surrender of Collateral.** *Check one.*

        ☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    G.    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

        ☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.    **PRIORITY CLAIMS.**

    A.    **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.    In addition to the retainer of $ **184.00** already paid by the Debtor, the amount of $ **4,316.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee

agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$700.00** |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☑ closing of case.

**7. DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

4

Rev. 12/01/19

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**1. All claims debts to Navient for student loans are currently in forbearance and will remain in forbearance and creditor will not receive any distributions from the chapter 13 plan.**

Dated:  **June 25, 2021**             /s/ **Stephen Wade Parker**
                                      **Stephen Wade Parker 315606**
                                      Attorney for Debtor

                                      /s/ **Demetrius D. Davis**
                                      **Demetrius D. Davis**
                                      Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.